NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE GUADALUPE SALCIDO-RIOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   16-71665

Agency No. A36-650-156

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2022**
Phoenix, Arizona

Before:   MURGUIA, Chief Judge, GRABER, Circuit Judge, and BURNS, ***
District Judge.

Jose Guadalupe Salcido-Rios appeals the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel previously granted Respondent's joint motion to submit this
case on the briefs. (*See* Doc. 40).

\*\*\*      The Honorable Larry A. Burns, United States District Judge for the
Southern District of California, sitting by designation.

denying his request for deferral of removal under the Convention Against Torture ("CAT"). "Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions," *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016), and uphold the factual findings therein "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation omitted).

1. The BIA did not err in affirming the IJ's adverse credibility determination. Adjudicators must assess an applicant's credibility "[c]onsidering the totality of the circumstances, and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). Our review considers whether the adjudicator properly applied this standard. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Here, it was not error for the BIA to sustain the IJ's finding that Petitioner's testimony was not credible. Substantial evidence supports the IJ's conclusions that Petitioner omitted four of his felony convictions from his asylum application; he failed to provide a plausible explanation for not revealing, prior to his hearing, his allegation that assailants had threatened him by putting a gun in his mouth; and he gave an implausible account of a beating that he allegedly suffered.

2. After discounting Petitioner's testimony, the only evidence remaining in support of his CAT claim was of conditions in Mexico. Such evidence "can play a decisive role in granting relief under [CAT]," but it must still "meet the high

2

threshold of establishing that it is more likely than not that . . . [the applicant] *personally* will face torture if he returns." *Mukulumbutu v. Barr*, 977 F.3d 924, 927–28 (9th Cir. 2020) (citation omitted). To reverse the BIA's ruling affirming the IJ's decision, "we would have to find that the [country conditions] reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured." *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

Although the IJ applied the wrong legal standard in assessing the country-conditions evidence, the BIA corrected the error on appeal and concluded that the country-conditions evidence was insufficient under the correct standard. Because Petitioner failed to prove by a preponderance of evidence that he faced a greater risk of torture than other inhabitants of Mexico, the BIA did not err in holding that the country-conditions evidence did not meet the required standard.

**PETITION DENIED.**